UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BRIAN LABELLE,

                Plaintiff,

v.

BARCLAYS CAPITAL INC.,

                Defendant.

Case No. 19-CV-3800 (JPO)

**PLAINTIFF'S MEMORADUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 30(G)**

    Plaintiff Brian La Belle respectfully submits this memorandum of law in support of his motion to for sanctions against Defendant pursuant to Fed. R. Civ. Pro. 30(g) for failing to attend the deposition of Plaintiff that it noticed, and for failing to provide adequate notice or a legitimate explanation for unilaterally cancelling the deposition at the last minute.  Plaintiff and his counsel, at significant expense and inconvenience, made himself available for deposition, and Barclays declined because it was not prepared to proceed with the deposition it not only noticed, but refused to withdraw.

**FACTUAL BACKGROUND**

    On July 11, 2019, even prior to discovery in this case beginning, Defendant noticed Plaintiff's deposition for September 25, 2019.  Declaration of Steven Barentzen, Ex. A ("Barentzen Decl.").  Prior to doing so, even though the parties had been communicating on numerous other issues, Defendant did not first clear that date with Plaintiff's counsel, as is the custom in this Court.  By e-mail dated July 16, 2019, Plaintiff's counsel objected to the notice of deposition and asked that Defendant withdraw it.  Defendant refused.  Barentzen Decl., Ex. B.

Thereafter the parties engaged in numerous communications, attended the initial pre-trial conference, exchanged numerous e-mails, conducted a telephonic meet and confer, and participated in a discovery conference with the Court. At no time during any of those communications did Defendants mention rescheduling Plaintiff's deposition or give any indication that they were not planning on going forward with the deposition they noticed over Plaintiff's objection. Plaintiff never sought a protective order for that deposition or asked that the deposition be rescheduled.

Instead, late in the afternoon of September 23, 2019, a day and a half before the deposition was to take place in New York, Defendant wrote a letter to Plaintiff's counsel stating:

> On July 11, 2019, Barclays Capital Inc. ("Barclays") served a notice that it would take the deposition of Plaintiff Brian LaBelle on September 25, 2019, subject to adjournment *as may be agreed upon*. Plaintiff's failure to fulfill various discovery obligations necessitates adjournment of Plaintiff's deposition from September 25 to a date we are not yet able to specify.

Barentzen Decl., Ex. C (emphasis added). The only purported "failure to fulfill discovery obligations" identified in the letter was Plaintiff's alleged failure to provide HIPAA authorizations, an issue that had been raised by Defendants weeks earlier on September 5, 2019. At no previous point, either on the phone, in e-mail or during the September 13, 2019 status conference with the Court did Defendant even hint that it intended to unilaterally cancel the deposition on this ground, and there was never anything even approaching an agreement to reschedule the deposition.

By the time that he received Defendant's letter, Plaintiff's counsel had already begun preparing for the deposition. Moreover, because Plaintiff's counsel lives in Washington, D.C., he had booked a train that left first thing the next morning and a hotel for a night that had become

non-refundable.[1]  Moreover, Plaintiff's counsel, who was in the middle of preparing for a lengthy upcoming trial, among many other things, had already cleared out two days from his very busy schedule to travel to New York for deposition prep with Plaintiff and for the deposition.  Plaintiff also had taken time off of work for the prep session and the deposition.

Plaintiff's counsel responded shortly after receiving the e-mail.  For the above reasons, Plaintiff did not agree to adjourn the deposition.  Instead, Plaintiff objected to the last-minute cancellation stating:

> I cleared my schedule this week, and Mr. La Belle took vacation for the deposition this week.  I have booked a train which leaves first thing in the morning, and a hotel.  I told you to withdraw that deposition notice months ago, and you refused.  You can't now reschedule a deposition on a day's notice.  We intend to go forward with the deposition that you noticed.

Ex. E.  Defendant's counsel did not respond to that e-mail until later the following day.

At this point, Plaintiff's counsel still reasonably believed that the deposition was going forward because there was no agreement to adjourn the deposition.  Thus, he had no choice but to proceed as if the deposition were to occur.  Thus, he took the train to New York the next morning as scheduled to meet with Plaintiff and prepare for the deposition.  *After* Plaintiff's counsel had arrived in New York the next day, Defendant finally responded to Plaintiff's email and stated that it was not proceeding with the deposition.  *Id.*  The parties exchanged additional emails on the topic over the course of the day, in which Plaintiff advised that he was ready, willing and able to proceed with the deposition, and -- consistent with Second Circuit law

---

[1] That week happed to be the week of the U.N. General Assembly.  As a result, hotel availability was virtually non-existent and prices were exorbitant.  Attached as Exhibit D is records of Plaintiff's counsel's travel expenses for the trip to New York.  Plaintiff's counsel had also expended approximately 2.5 hours on deposition preparation prior to receiving Plaintiff's letter, and another 7 hours on September 24, 2019, including while on the train, preparing for the deposition.

discussed below -- that Defendant could always call Plaintiff back in the event that it obtained evidence that it believed it needed to depose Plaintiff from the HIPAA authorizations. Plaintiff and his counsel ultimately did not attend the deposition based on Defendant's representations that the it would not be going forward with the deposition.

## ARGUMENT

Rule 30(g) of the Federal Rules of Civil Procedure states:

(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition;

Thus, "[c]ourts allow the award of attorney's fees and expenses where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation." *Root Brothers Farms v. Mak*, 2007 WL 2789481, at *7 (S.D.N.Y. Sept. 25, 2007).

Defendant should be compelled to pay Plaintiffs' attorney's fees, costs and expenses that he incurred as a result of Barclays cancelling the deposition without sufficient notice. The case of *Edmonds v. Seavey*, 2009 WL 1285526 (S.D.N.Y. May 5, 2009) is directly on point. The court found that "Rule 30(g)(1) clearly applies to this case: the plaintiff noticed Mrs. Seavey's deposition, defendants' counsel appeared with the expectation of proceeding as originally scheduled, and plaintiff's counsel failed to attend." *Id*. at *2. Like Barclays here, the defendant in that case "seeks to justify his failure to attend the deposition on the basis that he had been deprived of necessary discovery." *Id.* But the court found that "[t]his rationale is meritless." *Id*. The court further found that "the proper course would have been to accept the offer by defendants' counsel to proceed with the examination as noticed, reserving the right to continue it if warranted by documents subsequently produced." *Id*. at *3.

The court noted that plaintiff failed to argue that defendant's motion should have been denied because its expenses were only incurred because deponent appeared for the deposition even though it was informed it had been cancelled. However, the court nevertheless rejected this argument outright, noting that it would "invite[] abuse. A party that cancels on the eve of deposition multiplies the costs of preparation even if the adversary does not incur the expenses of travel." *Id*. at *3.

In *Edmonds v. Seavey*, 379 Fed. Appx. 62, 64 (2010), the Second Circuit upheld the award, and affirmed that "the proper course would have been to proceed with the deposition while reserving the right to recall Mrs. Seavey and question her about subsequent disclosures if it proved necessary." (citations omitted).

Likewise, in *Root Bros. Farms v. Mak*, 2007 WL 2789481, the court found that:

> Because defendants did not provide plaintiff sufficient notice of their intent to cancel Robin Root's deposition and because defendants have failed to provide sufficient justification for their last-minute cancellation, I find that plaintiff is entitled to an award of sanctions pursuant to Rule 30(g)(1) for the reasonable expenses of attending the deposition, including reasonable attorney's fees.

*Id*. at *7. In so doing, the court found defendants' argument that plaintiff was responsible for cancellation of the deposition because plaintiff did not produce documents necessary for the deposition until a few days before the deposition to be "unpersuasive." *Id*. The court noted that "Plaintiff's counsel had no way of knowing how defendant would conduct the deposition or what documents he would use." Moreover, the court found that "if defendants' counsel was not in a position to proceed with the deposition, for whatever reason, it was incumbent upon him to provide timely notice of that fact." *Id*. *See also Jones v. J.C. Penny Dep't Stores*, 228 F.R.D. 190, 199 (W.D.N.Y. 2005) ("Defendants incurred unnecessary costs because of Plaintiff's failure, without cause, to proceed with the scheduled Goodwin and Meerboth depositions on

September 30, 2004, and Plaintiff's reason for failing to do so is not substantially justified, the court finds Defendants are entitled to the financial sanctions available under Rule 30(g)(1) attributable to Plaintiff's failure to depose Goodwin and Meerboth").

Moreover, the explanation provided by Barclays for unilaterally cancelling the deposition -- that it had yet to receive the HIPAA authorizations – has been rejected by the Second Circuit. *See Edmonds v. Seavey*, 379 Fed. Appx. 62, 64 (2d. Cir. 2010) (affirming that "the proper course would have been to proceed with the deposition while reserving the right to recall Mrs. Seavey and question her about subsequent disclosures if it proved necessary.") (citations omitted).

However, even if Defendant's excuse had some merit, it still does not explain why Defendant waited until the last minute to cancel the deposition. Barclays knew about the HIPAA issue since at least September 5, 2019, almost three weeks before it cancelled the deposition, but never once mentioned that it would not go forward with the deposition. Defendant has failed to provide any explanation for why it waited until the eve of deposition before raising the issue of rescheduling. There is no question that Defendant's first notice of this issue, which came the night before Plaintiff counsel was scheduled to leave on a train to New York and had already spent time preparing and already incurred expenses, and less than two days before the deposition, was inadequate notice for cancelling the deposition. *Miller v. Dyadic Intern., Inc.*, 2008 WL 2116590, *2 (S.D. Fl. May 20, 2008) ("She further argues that it was reasonable notice to cancel a deposition by email less than 36 hours before the deposition where opposing counsel needed to fly in from out of state. However, the Court cannot find this is reasonable notice where it would be reasonable to assume that Mr. Heffner would be preparing to travel to Florida for the deposition at the time she sent the email."); *Lewis v. Mazda Motor of America, Inc.*, 2012 WL 6634134, *3 (D.V.I. December 20, 2012) ("Because plaintiff's counsel noticed the deposition

scheduled for September 5, 2012, he retained the burden, should he cancel the deposition for whatever reason, of conveying the change in plans to defense counsel in sufficient time to prevent defense counsel from incurring the expense of out-of-state travel to the site of the scheduled deposition.")

## CONCLUSION

For these reasons, the Court should order sanctions against Defendant and require it to pay Plaintiff the attorney's fees and expenses that it incurred as a result of Defendant's unilateral, last-minute and unexcused failure to take Plaintiff's deposition that it noticed, as well as its fees for preparing and filing this motion, and grant such other further and additional relief as it deems just and proper.

Dated: November 8, 2019

LAW OFFICE OF STEVEN BARENTZEN

_____
Steven Barentzen
17 State Street, Suite 400
New York, NY 10004
Phone: (917) 476-0953
Fax:    (202) 888-6268
Steven@barentzenlaw.com

**Mailing Address:**
1750 K Street, NW, Suite 700
Washington, DC 20006
Phone: (202) 289-4333

*Attorney for Plaintiff*