USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian La Belle,

                                        Plaintiff,

            -against-

Barclays Capital Inc.,

                                       Defendant.

1:19-cv-03800 (JPO) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Brian La Belle ("Plaintiff") to compel Defendant Barclays Capital Inc. ("Defendant" or "Barclays") to produce certain documents that were provided by Barclays to the New York State Department of Financial Services ("DFS"). (Not. of Motion, ECF No. 39.)[1] For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

At issue on Plaintiff's motion to compel are Plaintiff's Document Request No. 4 and No. 6. (Pl. Mem. at 4-6.) Defendant represents that "there are no outstanding documents for Barclays to produce in response to Plaintiff's Document Request No. 4." (Def. Mem. at 7.) Thus, Plaintiff's motion to compel the production of documents in response to Request No. 4 is moot.

Plaintiff's Document Request No. 6 seeks the following documents from Barclays:

---

[1] The Court has reviewed and considered Plaintiff's memorandum of law in support of the motion (Pl. Mem., ECF No. 40); the Declaration of Steven Barentzen, together with its exhibits (Barentzen Decl., ECF No. 41); Defendant's memorandum of law in opposition (Def. Mem., ECF No. 47); the Declaration of Allen Roberts, together with its exhibits (Roberts Decl., ECF No. 49); and Plaintiff's reply memorandum of law. (Pl. Reply, ECF No. 51.)

> All documents and information provided to the State of New York concerning the whistleblowing Consent Order it entered into including: (a) All instances since January 1, 2017 where Barclays received a whistleblowing complaint or concern that included allegations against one or more members of the Group Executive Committee or Board of Directors of Barclays Bank PLC, and, for each instance so identified, details about the complaint, handling and investigation of the complaint, oversight of the investigation, and any conclusions reached; (b) All instances since January 1, 2017 where a Barclays current or former employee or agent attempted to learn the identity of an anonymous whistleblower, and, for each instance identified, details about the decision to undertake the effort, the steps taken, and the outcome; (c) All instances since January 1, 2017 where a Barclays current or former employee, agent or contractor alleged that he or she was the subject of retaliation or other negative consequences as a result of the employee, agent or contractor having raised a whistleblowing complaint or concern, and, for each instance identified, details about Barclays' investigation of the retaliation allegation and any conclusions reached; and (d) Any identified (1) substantiated allegations of retaliation or (2) instance of someone other than the Investigations and Whistleblowing Team, Whistleblowers' Champion and Group Chief Compliance Officer (collectively) making a determination of whether a whistleblowing concern is false and/or malicious, occurring since January 1, 2017, along with adequate details about both the incident and Barclays' response to any such incident.

(Pl. Doc. Reqs., ECF No. 41-3, at 5.) Defendant objects to Request No. 6 on relevance, proportionality and privilege grounds. (Def. Objs. & Resps., ECF No. 48-1, at 8.)

## **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*,

695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

## DISCUSSION

The Court finds, in its discretion, that Plaintiff's Document Request No. 6 is overbroad, but that a narrower set of documents should be produced by Defendant. Plaintiff's Complaint in this case alleges that he was terminated by Barclays on August 1, 2018 in retaliation for "reporting [certain] misconduct." (Compl., ECF No. 1, ¶ 3.) He asserts a single cause of action for retaliation pursuant to Section 806 of the Sarbanes-Oxley Act of 2002. (*See* Compl. ¶¶ 59-63.) Taking relevance and proportionality principles into account, the Court finds that Plaintiff is entitled to a subset of the documents sought in Request No. 6. Specifically, the Court finds that Barclays should produce all documents it provided to DFS concerning any instances during the period January 1, 2017 through December 31, 2018 where (1) a Barclays current or former employee, agent or contractor alleged that he or she was the subject of retaliation or other negative consequences as a result of the employee, agent or contractor having raised a whistleblowing complaint or concern, and (2) Barclays identified any substantiated allegations of retaliation.

The Court is mindful of Barclays' assertions of privilege. (*See* Def. Mem. at 18-21.) To the extent that Barclays contends that any of the documents it is being ordered to produce are subject to privilege, they may withhold production of such documents, but shall provide to the Plaintiff a privilege log in compliance with Fed. R. Civ. P. 26(b)(5).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Within 30 days of the date of this Order, Defendant shall produce to Plaintiff the following

3

documents, subject to Defendant's assertion of privilege: all documents provided by Barclays to DFS concerning any instances during the period January 1, 2017 through December 31, 2018 where (1) a Barclays current or former employee, agent or contractor alleged that he or she was the subject of retaliation or other negative consequences as a result of the employee, agent or contractor having raised a whistleblowing complaint or concern, and (2) Barclays identified any substantiated allegations of retaliation. To the extent that Defendant withholds documents on the basis of any privilege, Defendant shall provide to Plaintiff within 30 days a privilege log in compliance with Fed. R. Civ. P. 26(b)(5).

**SO ORDERED.**

DATED: New York, New York
November 15, 2019

_____
STEWART D. AARON
United States Magistrate Judge