UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian La Belle,

                Plaintiff,

-against-

Barclays Capital Inc.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2019

1:19-cv-03800 (JPO) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Brian La Belle ("Plaintiff"), pursuant to Fed. R. Civ. P. 30(g), to impose sanctions against Defendant Barclays Capital Inc. ("Defendant" or "Barclays") for its "failure to take Plaintiff's deposition that it noticed." (Not. of Motion, ECF No. 44.)[1] For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

On July 11, 2019, Defendant served by email a notice to take the deposition upon oral examination of Plaintiff on September 25, 2019. (7/11/19 email, ECF No. 49-1, at 3; Dep. Notice, ECF No. 46-1.) The email from counsel for Barclays transmitting the deposition notice stated, "I . . . attach a Notice of Deposition for Mr. LaBelle. If there is a more convenient date, we are happy to discuss." (7/11/19 email, ECF No. 49-1, at 3.) On July 16, 2019, Plaintiff's counsel asked Barclays to withdraw the deposition notice. (7/16/19 email, ECF No. 49-1, at 2.) On July 17, 2019, counsel

---

[1] The Court has reviewed and considered Plaintiff's memorandum of law in support of the motion (Pl. Mem., ECF No. 45); the Declaration of Steven Barentzen, together with its exhibits (Barentzen Decl., ECF No. 46); Defendant's memorandum of law in opposition (Def. Mem., ECF No. 50); the Declaration of Allen Roberts, together with its exhibits (Roberts Decl., ECF No. 49); and Plaintiff's reply memorandum of law. (Pl. Reply, ECF No. 53.)

for Barclays responded to Plaintiff's request to withdraw, stating: "[another counsel for Barclays] called you after we sent it and specifically noted that it's just a placeholder, and of course we'll discuss a mutually acceptable date." (7/16/19 email, ECF No. 49-1, at 2.)

On September 22, 2019, Plaintiff's counsel purchased an Amtrak ticket to travel from Washington, D.C., where his law firm is located, to New York City on September 24, 2019, and also made hotel reservations. (*See* Barentzen Decl. ¶ 6; Barentzen Decl., Ex. D, ECF No. 46-4.) In the afternoon on September 23, 2019, counsel for Barclays sent a letter to Plaintiff's counsel stating: "Plaintiff's failure to fulfill various discovery obligations necessitates adjournment of Plaintiff's deposition from September 25 to a date we are not yet able to specify." (Roberts Decl., Ex. C, ECF No. 49-3.) Later in the afternoon on September 23, 2019, Plaintiff's counsel responded that he and his client "intend to go forward" with the deposition. (Barentzen Decl., Ex. E, ECF No. 46-5.) Plaintiff's counsel traveled to New York on September 24, 2019. (*See* Barentzen Decl. ¶ 5.) Plaintiff's deposition did not go forward on September 25, 2019. (*See* Barentzen Decl., Ex. E.)

## LEGAL STANDARDS

Rule 30(g) of the Federal Rules of Civil Procedure provides in relevant part: "A party who, *expecting a deposition to be taken*, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g) (emphasis supplied).

## DISCUSSION

At the time that Plaintiff's counsel boarded the Amtrak train to New York on September 24, 2019, he reasonably could not have expected his client's deposition to be taken, as Rule 30(g) requires. Plaintiff's counsel was not the one who was taking the deposition. Rather, he was

2

defending the deposition. The deposition obviously could not go forward on September 25 unless Defendant agreed to take the deposition on that date.

In addition, it was not reasonable for Plaintiff's counsel to book his travel on September 22 without confirming the September 25 date with Defendant's counsel. Plaintiff's counsel previously had been advised by Defendant's counsel that they "would be happy to discuss" a "more convenient date" for the deposition (7/11/19 email, ECF No. 49-1, at 3), and that the September 25 date was a "placeholder." (7/16/19 email, ECF No. 49-1, at 2.)

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is DENIED.

**SO ORDERED.**

DATED:  New York, New York
        November 15, 2019

_____
STEWART D. AARON
United States Magistrate Judge