1750 K Street, NW, Suite 700
Washington, DC 20006

(p) 202.289.4333
(f) 202.899.2714

steven@barentzenlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2019

November 27, 2019

Honorable Stewart D. Aaron
United States District Court
500 Pearl Street
New York, NY 10007

Re: *La Belle v. Barclays Capital Inc.*, Case No. 19 CV 3800 (JPO)

Your Honor:

On behalf of Plaintiff Brian La Belle, I write to request a pre-motion conference and to bring to the Court's attention a potential conflict: that Your Honor's former firm appears to have represented Barclays and/or its CEO in investigations that may be relevant to this case while Your Honor was still a partner. I stress that I am not suggesting that Your Honor was personally involved in, or was even aware of, these investigations, or that there has been any actual bias. Rather, after very careful consideration I bring these facts to the Court's attention solely out of an abundance of caution and to avoid what could be considered the appearance of a conflict.

In its 2017 Annual Report, Barclays noted that:

In April 2017, the FCA and PRA commenced investigations into the CEO as to his individual conduct and senior manager responsibilities relating to Barclays' whistleblowing programme and to his attempt in 2016 to identify the author of a letter that was treated by Barclays Bank PLC as a whistleblow; and Barclays Bank PLC, as to its responsibilities relating to the attempt by the CEO to identify the author of the letter, **as well as Barclays' systems and controls and culture relating to whistleblowing**.

The attempt to identify the author of the letter first came to the attention of the Barclays PLC Board (Board) early in 2017. The Board instructed an external law firm to conduct a focused investigation into the matter and also notified the FCA and PRA and other relevant authorities. . . .

Barclays and the CEO are cooperating fully with the FCA and PRA investigations. Barclays is also providing information to, and cooperating with, authorities in the US with respect to these matters.

Ex. A at 286 (emphasis added).[1]

---

[1] Exhibit A contains only page 286 of the Annual Report. The whole report can be downloaded at: https://home.barclays/content/dam/home-barclays/documents/investor-relations/reports-and-events/annual-reports/2017/Barclays-PLC-Annual-Report-2017.pdf.

Law Office of Steven Barentzen

Admitted in DC, NY and MD

On May 11, 2018, following its investigation, the FCA issued a Final Notice detailing the results of its investigation and fining Barclays' CEO Mr. Staley £321,200. Ex. B. As the Court is already aware from Plaintiff's motion to compel, the New York State Department of Financial Services ("DFS") conducted its own concurrent investigation of Barclays concerning this matter which resulted in the December 18, 2018 Consent Order. Ex. C.

It appears from Your Honor's former firm's website that an attorney in the London Office represented Mr. Staley and/or Barclays in these investigations while Your Honor was still a partner. Specifically, the Biography of Kathleen Harris states that she represented an individual in an unspecified investigation into Barclays, and her "Experience" states that she represented "an individual during an FCA investigation in relation to breach of Individual Conduct Rules, as well as assisting with the concurrent US investigation. Result in negotiation of a Final Notice with the FCA and PRS." Ex. D. This suggests that Ms. Harris may have represented Barclays and/or its CEO Mr. Staley in the above FCA and DFS investigations.[2]

These facts, if true, could be perceived as a potential basis for recusal. The standard for recusal of federal judge is very high, and in the few reported decisions recusal has been warranted in only the rarest of instances. Thus, I am reluctant to even raise the issue. Nevertheless, 28 U.S.C. § 455(b) provides, in pertinent part:

> [Any justice, judge, or magistrate of the United States] shall also disqualify himself in the following circumstances:
>
> ....
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter....

The dispositive language in this statute is "concerning the matter." "[C]ourts that have interpreted this section have widely divergent views with respect to its meaning and application." *Blue Cross & Blue Shield of Rhode Island v. Delta Dental of Rhode Island*, 248 F. Supp. 2d 39, 43 (D.R.I. 2003). Some courts have strictly interpreted the language and limited its application to the specific matter in controversy. Other courts, however, have taken a broader view and "look[ed] well beyond the four corners of the actual case before the Court to examine the actual potential for bias or perception of bias resulting from the relationship." *Id.* at 45.

---

[2] Another website identifies Jes Staley, CEO, Barclays Bank as a client of Arnold & Porter's Regulatory Investigations and Corporate Crime Group. *See* Ex. E (downloaded from https://www.legal500.com/firms/50060-arnold-porter/9181-london-england). A Bloomberg article concerning this matter also identifies Kathleen Harris as Mr. Staley's lawyer. Ex. F. It appears that Arnold & Porter has also represented Barclays on additional unrelated litigation matters over the past several years. *See e.g. Uzoma v. Barclays, PLC*, 582 Fed. Appx. 236 (4th Cir. 2014); *Edge Capture L.L.C. v. Barclays Bank PLC*, 2011 WL 13272663 (N.D. Ill. 2011); *Edokobi v. Barclays Capital Real Estate, Inc.*, 538 Fed. Appx. 307 (4th Cir. 2013); Ex. G (biography of Arnold & Porter Partner David Bergman listing Barclays as a client in the area of "Complex and International Litigation, Putative Class Actions, and Investigations.")

To be clear, Plaintiff is not suggesting that either Your Honor or its former firm have represented Barclays in this specific case. Nor does Plaintiff contend that the specifics of the FCA and DFS investigation, Mr. Staley's attempts to identify an anonymous whistleblower, are directly at issue in this case. However, there is commonality between the investigations and this case as both raise issues with respect to "Barclays' systems and controls and culture relating to whistleblowing." Ex. A. Were the Court to adopt a more expansive view of the statue, it could potentially create the "perception of bias resulting from the relationship."

To assist the Court in assessing this potential conflict, the Court should be aware that Plaintiff anticipates using as deposition exhibits, and seeking to introduce into evidence in this matter at trial, both the FCA's Final Notice (Ex. B) and the DFS Consent Order (Ex. C), as well as the "Salz Review" identified in the Consent Order (Ex. C at ¶¶ 16-19).[3] Further, while it is impossible at this stage of the case to determine with any certainty what will happen, Mr. Staley is currently identified by Plaintiff as both a potential deposition and trial witness, and Plaintiff would anticipate asking questions about the investigations and Barclay's whistleblower program, whether it be from Mr. Staley, Barclay's Whistleblowing Champion or a Barclays' designated 30(b)(6) witness, during a deposition and/or the trial. Plaintiff may also seek to introduce expert testimony concerning the adequacy of the Defendant's whistleblowing program and/or the adequacy of Defendant's internal whistleblowing investigation of Plaintiff's claims.

I stress again that I am not suggesting that there has been any actual bias. Nor am I suggesting that the Court is even aware of these facts. However, out of an over-abundance of caution and in the interest of full transparency, I bring this matter to the Court's attention to address if it believes it is necessary. I am of course available to discuss this matter further if the Court believes that would be useful.

Finally, the timing of the filing of this letter, right before the holidays, is solely a function of the fact that I just learned of these facts, and Plaintiff is required to raise this issue immediately upon learning of it or risk waiving it. It is not meant to inconvenience Defendant or the Court. Thus, we do not object to extending Defendant's time to respond to this letter if it chooses to do so.

Respectfully submitted,

Steven Barentzen

---

[3] An issue concerning Plaintiff's document requests with respect to the DFS investigation and Consent Order has previously been raised and resolved by the Court. Plaintiff intends to file a limited objection to that ruling pursuant to Fed. R. Civ. Pro 72(a). Other discovery issues related to the investigations may also arise.

ENDORSEMENT: While a partner at Arnold & Porter, Judge Aaron had no involvement in the "matter in controversy," and he lacks knowledge "concerning the matter" on which Ms. Harris apparently worked. No later than 12/9/2019, Barclays shall file a letter with the Court setting forth non-privileged information as to the "matter" on which Ms. Harris worked, as well as its views on 28 U.S.C. § 455(b). SO ORDERED. Dated: 12/2/19