UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

BRIAN LA BELLE.                                  :

              Plaintiff,               :        <u>ORDER</u>

            -v.-                         :        19 Civ. 3800 (JPO) (GWG)

BARCLAYS CAPITAL INC.,                  :

             Defendant.             :

---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court has reviewed the letters docketed as Docket ## 78 and 80.  It appears that some document production has been made since plaintiff's letter.  In addition, the Court is not convinced that sufficient communications have taken place between counsel.  Thus, all requests for relief in Docket # 78 are denied without prejudice.

      The parties are directed to confer in person or by telephone at length about all discovery disputes in a sincere attempt to understand the other side's position and to reach a resolution.  At the in-person or telephonic conference, the parties shall discuss each issue in detail making every possible effort to reach a reasonable agreement as to that issue.  As part of this process, the Court expects that discovery disputes may be significantly narrowed even if they cannot be eliminated.

      Plaintiff should keep in mind that the Court is aware of prior rulings in this case regarding discovery and it should not assume that there will be an expansion of discovery obligations.  In any event, plaintiff must also keep in mind that any request for discovery must be proportional to the needs of the case and not unduly burdensome.  Docket # 78 fails to address these considerations.

      If, after counsel confer, any disputes remain, they shall be presented in the form of a jointly composed letter that describes each dispute in detail and provides the opposing party's position as to that dispute in detail.  Before filing such a letter, each side shall give the other an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute.  As part of this process, the Court expects that additional narrowing of disputes may be possible.  Of course, each side must make itself available to consult telephonically with opposing counsel as part of the composition process.  It is critical that each party address in the final letter its responses to the other side's position as to each issue.  The Court notes that if such a letter is filed, the Court may decide any disputes based on the letter.

SO ORDERED.

Dated: April 13, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge