UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRIAN LA BELLE,                                         :

                                                        :          <u>ORDER</u>
                       Plaintiff,                                  19 Civ. 3800 (JPO) (GWG)
                                                        :

        -v.-                                            :

BARCLAYS CAPITAL INC.,                                  :

                                                        :
                       Defendant.                       :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        The Court has reviewed the plaintiff's letters describing a discovery dispute over a
subpoena issued by plaintiff to non-party The Blackstone Group.  Docket ## 74, 79.  The Court
has also reviewed the submissions made by The Blackstone Group ("Blackstone"), Docket # 75,
and by defendant Barclays Capital Inc. ("Barclays"), Docket # 76.

        The complaint in this action alleges that Barclays terminated plaintiff's employment in
retaliation for plaintiff raising a number of instances of misconduct at Barclays.  Docket # 1
¶¶ 1-3.  Among the incidents of alleged misconduct is a particular negotiation involving
Blackstone (identified as "Client 2" in the complaint).  The complaint describes allegedly
improper treatment given to Blackstone by Eric Wu, who was one of plaintiff's supervisors at
the time, and others, id. ¶¶ 45-49.  Plaintiff alleges that Wu directed other Barclays employees to
manipulate data and understate the risk to Barclays issuing a loan to Blackstone for use in
Blackstone's procurement of a hotel chain.  Id.  Plaintiff alleges he reported the data
manipulation to management, but that Barclays did not take any action, id. ¶ 48, and instead
eventually terminated his employment, id. ¶ 57.  In one paragraph of the complaint, plaintiff
alleges that Blackstone later hired Eric Wu and that the hiring was a reward for the improper
conduct of Wu and others, id. ¶ 49.

        Plaintiff issued a subpoena to Blackstone seeking documents "and communications
concerning [their] hiring and recruitment of Eric Wu, including all communications with Mr. Wu
and any of his agents or representatives."  Docket # 74-1.  Blackstone ran an electronic search
for responsive documents using terms agreed to by plaintiff.  Docket # 74 at 3; Docket # 75 at 1.
Blackstone reviewed the responsive documents and informed plaintiff it did not find any
documents connecting Wu's hiring by Blackstone with the negotiation discussed in the
complaint.  Docket # 74 at 4; Docket # 75 at 2.  Blackstone refused to produce any of the
documents generated by the search on the ground that they were not relevant, but permitted
plaintiff's counsel to conduct a review of documents on Blackstone's counsel's server.  Docket

# 74 at 4; Docket # 75 at 3.[1]

Blackstone opposes the production of the documents on the grounds that: 1) documents related to Blackstone's recruitment and hiring of Wu — to the extent they do not concern the hotel transaction discussed in the complaint — are not relevant, and 2) the documents are confidential and highly sensitive because they reveal salary offers, the identities of other candidates for the job, and Blackstone's own internal hiring process.  Docket # 75 at 3-5.  Blackstone argues that redactions and a protective order cannot fully protect them from outsiders learning about these matters.  Id.

"Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement."  During v. City Univ. of N.Y., 2006 WL 2192843, at *3 (S.D.N.Y. Aug. 1, 2006) (collecting cases); accord Ireh v. Nassau University Medical Center, 2008 WL 4283344, at *5 (E.D.N.Y. September 17, 2008).  Part of the parties' inability to agree on a resolution of their dispute may derive from plaintiff's erroneous belief that, as he puts it in his letter, "[i]t is black letter law that '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  Docket # 79 at 1 (quoting Crosby v. City of N. Y., 269 F.R.D. 267, 282 (S.D.N.Y. 2010)).  However, a party's ability to obtain discovery of material that is merely "reasonably calculated" to lead to admissible evidence was eliminated in the 2015 amendments to Rule 26 because it had been "used by some, incorrectly, to define the scope of discovery."  Fed. R. Civ. P. 26 (2015 Advisory Committee Notes).  Under the rule as it is actually written, discovery is limited to matters that are "relevant" to a claim or defense and "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In assessing the scope of discovery the Court must consider, among other factors, "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.  This obligation is particularly acute in the case of a subpoena under Rule 45 to a non-party.  See generally Fears v. Wilhelmina Model Agency, Inc., 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] non-party."); Corbett v. eHome Credit Corp., 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) ("special weight" should be given to "the burden on non-parties of producing documents to parties involved in litigation.") (quoting Cohen v. City of N. Y., 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010)).

On the issue of relevance, the negotiations between Barclays and Blackstone — and whether they were conducted properly and considered on terms inappropriately favorable to Blackstone — are certainly relevant to plaintiff's claims.  But Wu's departure following those negotiations is of far lesser relevance.  We thus must weigh the potential benefit of obtaining discovery from Blackstone on this issue against the burden the discovery places on Blackstone.  Fed. R. Civ. P. 26(b)(1).  The Court takes seriously Blackstone's concern that its internal hiring process, including salary offers and its consideration of other candidates, should not be revealed, even with a protective order.  In light of these concerns, the Court finds it appropriate to narrow the scope of the subpoena to limit production of any internal documents solely to those that refer

---

[1]  Plaintiff and Blackstone dispute whether plaintiff was permitted to view all responsive documents, Docket # 75 at 3, or only a subset, Docket # 74 at 4.

both to Wu's hiring and to the Barclays/Blackstone negotiations.  It is unclear whether there are any such documents.  While Blackstone indicates that there are no documents "connecting" the hiring of Wu with the transaction (Docket # 75 at 2), this formulation is narrower than what the Court is ordering.  Instead, Blackstone must produce any particular document that "concern[s]," see Local Civil Rule 26.3(c)(7), or even mentions both (1) Wu's hiring and (2) the Barclays/Blackstone negotiation/transaction at issue, if any such documents exist.  Additionally, Blackstone has not sufficiently justified declining to reveal emails sent to Wu himself inasmuch as these materials necessarily were not maintained by Blackstone exclusively internally.  Accordingly, to the extent the emails are not available for production by Wu, Blackstone shall produce any emails to or from Wu relating to his hiring, though it may redact salary terms.

Plaintiff's cursory request for sanctions against Blackstone is denied as unsupported. Docket # 74 at 4.[2]

SO ORDERED.

Dated:  April 15, 2020
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2]  For the first time in a reply letter, plaintiff fleetingly refers to a dispute over the production of text messages responsive to the subpoena, Docket # 79 at 3.  Because it was raised for the first time in a reply and because there is no indication plaintiff and Blackstone have conferred on this specific issue, we do not address it.