UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRIAN LA BELLE,                                               :

                                                                               :    ORDER
                    Plaintiff,

                                                                               :    19 Civ. 3800 (JPO) (GWG)
   -v.-

                                                                               :
BARCLAYS CAPITAL INC.,
                                                                               :

                Defendant.                                   :
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      During a conference in December, the Court agreed to review certain documents withheld by defendant Barclays Capital Inc. ("Barclays") to assist in determining Barclays' claim of attorney-client privilege. See Transcript of December 21, 2020 Telephone Conference at 11, filed December 28, 2020 (Docket # 102). At the conference, the Court noted that resolving this dispute might require the filing of affidavits to substantiate the asserted privileges. See id. at 7-8 ("[T]here may be some dispute that . . . can only be definitively settled through an affidavit, but let's get to that later[.]"). Having reviewed the documents at issue in camera, the Court concludes that such a filing is necessary to resolve this dispute.

      Many of the documents withheld by Barclays are withheld because they were sent to or otherwise involve former in-house counsel Peggy Campbell. See generally Letter from Allen B. Roberts dated January 12, 2021, filed January 21, 2021 (Docket # 106). Defendants assert that these documents are privileged because they were provided "for the purpose of seeking review by, and the legal advice from" Campbell. Id. at 3. Having reviewed the challenged documents, the Court finds little in the contents of the documents themselves to support this assertion. Far more is needed for the Court to understand the basis for the claim of privilege — for example, evidence as to what prompted the email exchanges, when the request for legal advice to Campbell was initiated, by whom, etc. As we have previously noted, a claimant to privilege is required to provide competent proof to support the claim — "a task typically accomplished through sworn statements." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 17 F. Supp. 3d 400, 405 (S.D.N.Y. 2014). An attorney proffer is insufficient.

      Because the Court did not make clear during the December conference that the submission of affidavits was required, Barclays is given one final opportunity to marshal any factual evidence supporting the claim of privilege as to the documents in the sample. The submission, consisting of a letter and any sworn statements from individuals with personal

knowledge, shall be filed on or before February 11, 2020.  Any response shall be filed by February 17, 2020.

Pursuant to Fed. R. Evid. 502(d), the Court orders that defendant shall not be deemed to have waived any claim to attorney-client privilege based on the filing of the sworn statements or supporting letter.  Thus, defendant shall keep any redactions to a minimum.

SO ORDERED.

Dated: February 8, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge