```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRIAN LA BELLE,                                                :
                                                               :     ORDER
                        Plaintiff,
                                                               :     19 Civ. 3800 (JPO) (GWG)
        -v.-
                                                               :
BARCLAYS CAPITAL INC.,
                                                               :
                        Defendant.                             :
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Plaintiff has moved to amend his complaint, and defendant opposes this motion. See Letter from Steven Barentzen, filed June 22, 2021 (Docket # 135) ("Pl. Mem."); Memorandum of Law in Opposition, filed July 6, 2021 (Docket # 142) ("Def. Mem."); Reply Memorandum of Law in Support, filed July 13, 2021 (Docket # 145) ("Reply Mem.").

      The proposed amendment changes just four paragraphs of plaintiff's complaint, adding allegations that plaintiff reported to Barclays that "he and his team had not been provided firm issued devices, and as a result had been using their personal devices to perform work for Barclays," and that "Barclays . . . repeatedly failed to address Plaintiff's disclosure that he and his team had been forced to used [sic] their personal devices to conduct business . . . thereby permitting Barclays employees to directly contact Plaintiff during his MBL without detection." Proposed Amended Complaint, annexed as Exh. A to Pl. Mem., ¶¶ 23, 34.

      A motion to amend is ordinarily governed by Fed. R. Civ. P. 15, which provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The court may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 182). Where, as here, a scheduling order has been entered that limits the time to amend the pleadings, see Civil Case Management Plan and Scheduling Order, filed August 6, 2019 (Docket # 20), "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Nonetheless,

as we have previously explained, the Court has discretion to apply the more liberal standard that applies to motions to amend under Fed. R. Civ. P. 15 rather than the more exacting standard that applies to extending a deadline set under Fed. R. Civ. P. 16. See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014).

Defendant raises two objections to plaintiff's amendment: 1) the motion should be denied because plaintiff has not shown good cause, see Def. Mem. at 3-6, and 2) the motion should be denied because of plaintiff's undue delay and the undue prejudice it will cause Barclays, id. at 6-9. The prejudice identified by Barclays consists of expected "additional expansive written discovery directed to Barclays and various individuals, resulting in further discovery disputes, and the absolutely necessary re-opening of Plaintiff's deposition to address Plaintiff's new legal theory," along with additional delay of the litigation and associated expense to Barclays. Id. at 8-9. Plaintiff justifies his late amendment by stating that "it was not until discovery that Plaintiff learned of Defendant's response — or more accurately lack thereof — to this protected disclosure," Reply Mem. at 3, and argues that defendant has failed to identify any meaningful prejudice, id. at 6.

While plaintiff's diligence argument is bareboned, in light of the minimal changes that plaintiff's amendment entails the Court exercises its discretion to apply the less exacting Rule 15 standard. See Fresh Del Monte Produce, 304 F.R.D. at 176. Under that standard, "delay alone . . . usually does not warrant denial of leave to amend." State Farm Ins. Companies v. Kop-Coat, Inc., 183 F. App'x 36, 38 (2d Cir. 2006) (citing Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995)). As to prejudice, the Court finds that defendant's arguments do not show anything more than minimal prejudice as long as conditions are attached to the grant of the motion to amend that would spare Barclays from responding to burdensome discovery requests. As we have noted, mere "allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." Fresh Del Monte Produce, 304 F.R.D. at 174 (punctuation omitted).

Plaintiff may file his proposed amended complaint by July 23, 2021. However, in light of the late stage of this case and plaintiff's relatively thin argument as to his own diligence, plaintiff may not make any new written discovery requests as to the new allegations without leave of the Court. Such leave is unlikely to be granted unless the burden to defendant is truly minimal.

SO ORDERED.

Dated: July 21, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge