```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRIAN LA BELLE,                                                 :
                                                                :   ORDER
                        Plaintiff,
                                                                :   19 Civ. 3800 (JPO) (GWG)
        -v.-
                                                                :
BARCLAYS CAPITAL INC.,
                                                                :
                        Defendant.                              :
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      This order addresses the discovery disputes raised in plaintiff's July 21, 2021, letter (Docket # 148) ("Pl. Let."). Plaintiff raised six separate issues, to which defendant has responded. See Letter from Allen Roberts, filed July 23, 2021 (Docket # 149) ("Def. Let."). With the Court's permission, plaintiff filed a reply letter (Docket # 151) ("Pl. Reply"). We address each dispute in turn.

      1) **Audio Recordings**

      Plaintiff wants Barclays to produce 48 audio calls to and from plaintiff's former supervisor, Brian Wiele. See Pl. Let. at 1; Def. Let. at 1. Barclays objects to the requested production as unduly burdensome, and states that it has offered to produce 22 of the 48 calls. Def. Let. at 2. Barclays represents that those 22 calls were previously collected in response to inquiries by the SEC, and thus the burden of producing them is far less than the remaining 26 calls, which "would require searching numerous databases and then exporting any located files through a time-consuming and sometimes manual process." Id. Defendant represents that "depending on the queue of other audio requests and the systems in which relevant audio is identified, it can take weeks to collect audio files for even just one custodian over a few day period which would delay the completion of fact discovery." Id.

      Plaintiff has provided a spreadsheet in which he identifies the 26 calls that Barclays has refused to produce. See Pl. Let., Exh. A at 3-4. 22 of the 26 calls requested are identified by both date and duration, and altogether add up to about 2 hours and 45 minutes of phone calls that Barclays would need to collect and review. While the remaining four calls may add some additional minutes to that total, the Court believes that plaintiff's current request is proportionate to the needs of this case. Plaintiff's requests are limited to a single custodian and to discrete time periods, with the overall material sought amounting to, at most, a few hours of audio. As for the collection aspect, the defendant's assertions on this point (which incorporate assertions made in Docket # 121) are conclusory. Importantly, the number of person-hours or expense required to

collect the audio is never specified.  Further, the reference to "weeks" appears to refer not to person-hours but rather to wait-time in a queue, which the Court does not view as imposing a burden on defendant.  Plaintiff has also given reasons to believe that these phone calls could contain material highly probative to his case, and defendant's case for non-production rests solely on their burden objections.  See Pl. Let. at 1-2; Pl. Reply at 2-3.  Accordingly, the Court orders that Barclays search for and produce the remaining 26 phone calls identified by plaintiff in their submission.[1]

2) **Larry Kravetz's "MBL Audit Trail"**

Plaintiff seeks production of "the MBL Audit trail for Mr. Kravetz maintained at Barclays."  Pl. Let. at 2.  Plaintiff asserts that these documents are relevant because Kravetz's "credibility, and whether or not Mr. Kravetz violated his MBL and subsequently falsely attested to that fact, is directly at issue.  This is exactly the reason Mr. Kravetz retaliated against Plaintiff as Plaintiff's protected whistleblows regarding MBL . . . implicated Mr. Kravetz in illegal conduct."  Id.  Defendant responds that Kravetz's documents are irrelevant to plaintiff's claim, because "whether or not there was 'rampant abuse of Barclays' MBL program' . . . has no evidentiary value in relation to Plaintiff's narrow Sarbanes-Oxley . . . claim."  Def. Let. at 3.  Defendant also cites to one of this Court's prior decisions, SEC v. Collector's Coffee Inc., 2021 WL 1436664, at *5 (S.D.N.Y. Apr. 16, 2021), for the proposition that "Plaintiff's speculation about Mr. Kravetz's communications concerning his own 2012 MBL and how that might tenuously aid a credibility challenge, are outside the bounds of Rule 26(b)(1)'s proportionality requirements."  Def. Let. at 3 n.1.

Plaintiff's arguments as to the relevance of this information to the merits of his claim are unpersuasive.  Plaintiff apparently wants to cross examine Kravetz about working through his own block leave in 2012.  Pl. Reply at 4 ("the evidence in this case . . . strongly suggests that Mr. Kravetz has in fact worked during his block leave").  But whether Kravetz worked during his block leave in 2012 or not has no bearing on whether Kravetz retaliated against plaintiff in 2018 for complaining about Kravetz's policy of making his subordinates work during their block leave.

The other basis for relevance is that the audit trail could be used to impeach Kravetz's credibility, because "Mr. Kravetz has serious issues with telling the truth, and this is just one example."  Id.  Here, the Court agrees with plaintiff that having this material could provide information on Kravetz's credibility if in fact he "falsely attested to not working."  Id.  And the Court rejects defendant's argument that this evidence is "outside the bounds of Rule 26(b)(1)'s proportionality requirements."  Def. Let. at 3 n.1.  The case relied upon by defendant is largely dissimilar to this case.  That decision dealt with a request for "deposition testimony from a non-party witness who lacks any firsthand knowledge of the events at issue in the case."  Collector's Coffee, 2021 WL 1436664, at *5.  Here, plaintiff is seeking easily produced information from the defendant in order to impeach the credibility of one of its employees, a key witness in this

---

[1] If, after collection of the phone calls, defendant asserts that any or all of the phone calls do not contain any relevant information, it may object to the production of such calls on that basis.

case. The Court cannot conclude that plaintiff's request for this specific information is disproportionate to the needs of this case, given that Kravetz's credibility with regard to plaintiff's performance is a critical issue. Moreover, the burden on defendant in producing this document appears to be minimal. Accordingly, the Court orders production of Kravetz's MBL audit trail. Obviously, this ruling should not be construed to constitute a ruling on whether the material is admissible or is properly used to impeach in any particular circumstance.

### 3) **Initiation of Barclays' MBL Program**

Plaintiff wants defendant to "identify when it started its MBL program." Pl. Let. at 3. Plaintiff asserts that a question on this topic was asked at a prior deposition and not objected to, and thus Barclays "waived any objection." Id. Barclays states that the information sought was "outside the noticed and agreed upon scope of the Rule 30(b)(6) deposition" and irrelevant. Def. Let. at 3.

Plaintiff has provided no evidence that the question was within the scope of the noticed topics of the Rule 30(b)(6) deposition. The lack of objection to the question is irrelevant inasmuch as the permitted scope of a Rule 30(b)(6) is defined by the topics in the notice, not by the questions asked. Accordingly, the request for testimony on this topic is denied.

### 4) **Documents Provided to Regulators Concerning the MBL Program**

Plaintiff wants Barclays to produce "any information requests from regulators, and any information compiled and produced by Barclays in response, during the relevant 2017 and 2018 timeframe" related to the MBL program. Pl. Let. at 3. Plaintiff argues that he needs these documents "to rebut Barclays' argument that Plaintiff's disclosure about rampant violations of Barclays' MBL policy is not protected because the MBL was not legally required." Id. Barclays responds that these communications are irrelevant to plaintiff's claim, disproportionate, and "protected from disclosure by the bank examination privilege, which Barclays has no authority to waive, as that privilege belongs to the regulatory agencies alone." Def. Let. at 4. Plaintiff responds that the documents are relevant because "Barclays cannot contend that Plaintiff is not a whistleblower because the MBL program was a voluntary program, but also refuse to provide relevant documents that go to show its argument is wrong," and that the privilege issue can be avoided because Barclays could simply produce "internal communications which would contain the same information." Pl. Reply at 5-6.

It is unclear to the Court whether Barclays intends to argue that plaintiff lacked an objectively reasonable belief that the conduct reported violated one of the enumerated provisions of federal law in 18 U.S.C. § 1514A. But even assuming that it does intend to argue this, the Court still does not see how the documents requested by plaintiff could strengthen his claim of an objectively reasonable belief. "The objective prong of the reasonable belief test focuses on the basis of knowledge available to a reasonable person in the circumstances with the employee's training and experience." Nielsen v. AECOM Tech. Corp., 762 F.3d 214, 221 (2d Cir. 2014) (punctuation omitted). Plaintiff has not alleged that a reasonable person in his circumstances would have any of these documents available to him, and thus the Court does not see how having

3

these documents would strengthen his claim or have any bearing on it.  Accordingly, the Court denies this aspect of plaintiff's application.

   5)  **Documents on Barclays' "Y-Drive"**

Plaintiff asks that defendant search a specific drive and produce relevant documents.  Pl. Let. at 4.  Barclays has agreed to do so.  Def. Let. at 5.  While plaintiff asks that defendant be "compelled to search for and produce the above information that it does not object to immediately," Pl. Reply at 6, the Court directs that the documents be produced within 14 days.

   6)  **Kravetz's Deposition**

Finally, plaintiff asks for permission to depose Kravetz for more than the presumptive seven-hour limit contained in Fed. R. Civ. P. 30(d)(1).  The application may prove to be unnecessary.  Accordingly, the Court will await any application made after the conclusion of the 7 hours presumed by the rule.  That being said, the parties are encouraged to discuss this matter further to reach a reasonable compromise that would avoid any such application.

   SO ORDERED.

Dated: August 3, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge