UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRIAN LA BELLE                                         :

                                                   :           ORDER
                       Plaintiff,
                                                   :           19 Civ. 3800 (JPO) (GWG)
   -v.-
                                                 :
BARCLAYS CAPITAL INC.
                                                 :
                     Defendant.                       :
-----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      With regard to the dispute raised in Docket ## 275, 278, 280, 284 and 285, the Court sees little relevance in the document request in the broad form presented by plaintiff to the Court given the narrow issues in this case relating to personal devices: that is, whether plaintiff made a complaint in 2018 about Barclays' failure to capture securities transactions on personal devices and whether plaintiff was terminated because of that complaint.[1]  Contrary to plaintiff's argument, whatever punishment Barclays got for violating any rules in this area does not make it any more likely or not that plaintiff made a complaint about it or that Barclays terminated him because of it.  See Fed. R. Evid. 401.  Also, what the SEC thought about any complaint by plaintiff on this issue is of no relevance to any issue in this case.  Nor is the plaintiff entitled to discovery on "the significance of Plaintiff's whistleblows."  (# 280 at 5).  As plaintiff notes, "[t]he contemporaneous record of Plaintiff's whistleblows . . .is what matters."  (# 280 at 7).

      That being said, if the communications from Barclays to the regulators in their investigation specifically referred to plaintiff's 2018 complaints to Barclays on this topic, such communications might elucidate whether Barclays was in fact aware that plaintiff had made a complaint and might also contain descriptions of actions Barclays took in response to plaintiff's complaint.  Of course, as Barclays notes, proportionality must certainly be a consideration in the Court's decision as to whether to require production of such communications.  But at this point the record does not contain information on what burden would be imposed on Barclays to obtain the documents if plaintiff's request is narrowed in the manner just described.

      The parties are directed to confer again on this narrow category: that is, communications from Barclays to the investigators regarding plaintiff's statements to Barclays in 2018 relating to improper use of personal devices and any actions Barclays took in response.  If no agreement

---

[1] The Court notes that issue under Rule 26 is of course "relevance" and not, as plaintiff would have it, whether the information sought is likely to "lead to the discovery of admissible evidence" (Docket # 280 at 5), as the Court has previously reminded plaintiff.  See La Belle v. Barclays Capital Inc., 2020 WL 1879115, at *1 (S.D.N.Y. Apr. 15, 2020) ("a party's ability to obtain discovery of material that is merely 'reasonably calculated' to lead to admissible evidence was eliminated in the 2015 amendments to Rule 26").

can be reached, defendant shall file a letter addressing the burden of producing responsive documents. This letter shall be filed no later than 7 days after plaintiff informs defendant that he believes they are at an impasse. Plaintiff may respond to defendant's letter within 7 days. Letters shall be limited to three pages.

      SO ORDERED.

Dated: September 1, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge